Chester, J. (dissenting):
It appears that the existence of the half sister, Rebecca, was not known to the other next of kin of Ann-—her sisters Catherine and Elizabeth and her niece, the appellant, while these three were living together as one family, and the claim of the appellant appears to bo that Ann’s estate has been by mutual consent properly administered and settled out of court so .far as these three are concerned, and that the payment of the expenses and the retention by the appellant of so much of the fund as she may be entitled to as next of kin of her deceased annts should be approved by the surrogate as proper administration of the estate upon her making Rebecca, the respondent, good for the amount she is entitled to as one of the next of kin of Ann, including any share she may be. entitled to .in the estate of Elizabeth, who.died subsequent to-the, death of Ann.
It does not appear whether Elizabeth died testate, or intestate except by a statement in the account that she died intestate, nor does it appear whether .she left debts or funeral expenses with which her estate is chargeable; There is no proof that any part of the estate of Ann ever came to her hands, but it is clear that her estate is entitled to share in it.
Under such circumstances the surrogate was right in not .approving any distribution of the estate or any understanding as to how it should be divided as acts of administration. ■ ■
This accounting is one had under section 2606 of the Code of Civil Procedure. That section gives the surrogate jurisdiction upon the death of an administrator to require his executor or administrator to account for and deliver over the trust estate precisely as if the letters of the deceased administrator had been revoked in his lifetime and he had been called upon to deliver up the assets. - His representative stands in his place for the purpose of such accounting and delivery. (Matter of Clark, 119 N. Y. 427.)
*619 If there had been a mutual agreement among all the persons interested in the estate as to a distribution thereof out of court it might properly receive judicial sanction, but when the distribution has been made without the knowledge of the existence of a person having an interest therein, the surrogate, under his limited jurisdiction, when she is discovered and brought in and fails to give her assent to the agreement of the others, could not properly give effect thereto, but is required on the accounting to ascertain the amount of the estate and direct it to be turned over to the successor of the deceased administrator. This is just what the surrogate has done here. In doing this he has made proper deductions for certain payments made by Catherine as administrator for the benefit of the estate.
1 think it is unimportant, so. far as this appeal is concerned, that Catherine made the payments of the undertaker’s and physician’s bills for the benefit of Ann’s estate out of her individual estate, rather than out of the savings bank account which Catherine caused to be transferred to herself individually after Ann’s death. The payments were made in good faith for'the benefit of her sister’s estate and her executrix on this accounting is entitled to credit for them. While there are some statements in the findings to the effect that the whole estate should be turned over by the appellant to the respondent, who should in turn pay back to the appellant the amount of the undertaker’s and doctor’s bills, yet the decree as made. correctly permits the appellant to pay over the estaté less the amount of these bills and is, therefore, correct.
The surrogate was also correct in holding that the appellant had no right to continue the administration of the estate of Ann after the death of Catherine, and, therefore, that she was not entitled to credit on this accounting for the moneys she had paid out for legal services for the benefit of the estate of Ann, for the transfer tax assessed against her interest in. the estate and for legal services in preparing her account. This cannot be a matter of much moment to the appellant, for the surrogate has taken evidence concerning these matters and in the decree appealed from has directed that she should be reimbursed for these moneys paid for the benefit of the estate to the extent of $150, and that when her share in the estate is ascertained nothing should be deducted therefrom for *620 the transfer tax which it appears she has paid. The rights of the parties appear, therefore, to have been fully protected by the decree as made, except that 1 think the appellant should have been allowed as executrix of the estate of Catherine the commissions allowed by law for receiving the estate of Ann. Catherine was duly appointed administratrix and qualified and served as such until she died. Ho reason appears why such commissions should not have been allowed to her estate.
I think the decree should be modified by allowing to the appellant, as executrix, commissions for receiving the estate, and as so modified affirmed, without costs to either party.
Cochrane, J., concurred.
Decree modified as per opinion, and as so modified affirmed.